IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAWRENCE R. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-170 (MTT) |
| | ) |
| SAMPSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Lawrence R. Smith, an inmate confined in Central State Prison in Macon, Georgia, filed a civil rights action under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. Docs. 1; 2; 4; 5. On preliminary review, the United States Magistrate Judge Charles Weigle recommended that Smith's motions to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice. Doc. 6. Because Smith had more than three federal cases dismissed for reasons constituting strikes, he was required to allege facts showing that he is in imminent danger of serious physical injury. *Id*. The Magistrate Judge concluded that Smith's conclusory allegations were insufficient to demonstrate that he is in imminent danger of serious physical injury. *Id*.

Specifically, the Magistrate Judge found that while Smith alleged he suffers from "a serious medical condition that causes him to have seizures[,]" he failed to tell the Court from what condition he suffers. Doc. 6 at 3. Additionally, Smith failed to specify what medical attention he required when he suffered seizures and how he was affected by the alleged lack of medical care. *Id*. The Magistrate Judge found that Smith's

conclusory allegation regarding overcrowding, understaffing, pervasive violence, inadequate training of officers, inadequate policies and procedures, improper classification, and failure to implement policies, procedures, and practices related to staffing and security alleged only speculative or general risks. *Id*. at 4-5. The allegations, therefore, failed to show imminent danger of serious physical injury. *Id*.

Smith filed two objections to the Recommendation. Docs. 7; 8. In the objections, Smith states that he "has had four seizures and was unable to get to medical because there are no officers working the housing units to contact medical so they can diagnosed [sic] what is causing the seizures." Doc. 7 ¶ 6. Furthermore, Smith alleged that he "has missed multiple doses of his medications mainly in the morning because of the lack of staff to let Plaintiff out of the building to get his medication." *Id*. ¶ 5. Because he has not received medical attention, Smith asserts that he is experiencing "extreme migraine headaches, extreme araches [sic], strong back and neck pains and vision impairments, muscle aches and other physical pains." *Id*. ¶ 10. Furthermore, based on statements from the prison doctor, Smith alleges "that if the seizures are not properly treated it could cause death[.]" *Id*. ¶ 11.

The Court has discretion to consider new facts and arguments raised for the first time in an objection. *See Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). Considering Smith's newly raised facts and arguments, the Court finds that Smith has adequately alleged imminent danger of serious physical injury. *See Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Accordingly, Smith is **ORDERED** to recast his complaint to assert the factual allegations raised in his objections (Docs. 7; 8) and shall recast his complaint within **FOURTEEN DAYS** of the date of this order. Because

Smith's recast complaint will supersede the original, the Recommendation (Doc. 6) is **REJECTED.**

In order to allow Plaintiff an opportunity to fully set forth his claims and contentions against the named Defendants, the Court will allow Plaintiff to file one recast complaint. When doing so, Plaintiff must follow these instructions. Plaintiff must file one amended complaint that will take the place of his previously filed complaint and any amendments or objections. The Court will not refer to the previous complaint, amendments, or objections to determine if Plaintiff has stated a claim. This one complaint should be no longer than **TEN** pages. Plaintiff must write legibly. If the Court cannot read the complaint, it will be dismissed. Plaintiff may not include exhibits with his complaint.

Plaintiff must list each Defendant he wishes to sue in the heading of his complaint. In the body of the complaint, Plaintiff must again list the name of each Defendant and tell the Court **EXACTLY** what that person did or did not do that violated Plaintiff's constitutional or federal statutory rights and **EXACTLY** when the action or inaction occurred. If Plaintiff fails to link a claim to a Defendant, that claim will be dismissed.

Plaintiff may not join unrelated claims and Defendants in a single action. Plaintiff may join Defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence,

or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).  For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

When filing the complaint, Plaintiff should keep in mind that "[a]s a general matter, fictitious party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  The Court has no way of identifying, much less serving process on, John Doe Defendants.  Plaintiff must provide the Defendants' names or, at the absolute least, provide specific descriptions that would allow the Defendants to be identified and served.

In conclusion, the Report and Recommendation (Doc. 6) is **REJECTED**.  Accordingly, Smith is **ORDERED** to recast his complaint to assert the factual allegations raised in his objections (Docs. 7; 8) and shall recast his complaint within **FOURTEEN DAYS** of the date of this order.  If Smith fails to file a recast complaint, or fails to follow the instructions in this Order, his action will be dismissed without prejudice.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form with the civil action number on it along with a copy of this Order.  Plaintiff must notify the Court immediately of any change of address.  If he fails to do so, his action may be dismissed.

**SO ORDERED**, this 12th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
