IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAWRENCE R. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-170 (MTT) |
| Warden GREGORY SAMPSON, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Lawrence R. Smith, an inmate confined in Central State Prison in Macon, Georgia, filed a civil rights action under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. Docs. 1; 2; 4; 5. On preliminary review, United States Magistrate Judge Charles H. Weigle recommended that the Court deny Smith's motions to proceed *in forma pauperis* and dismiss Smith's complaint without prejudice. Doc. 6.

Because Smith had more than three federal cases dismissed for reasons constituting strikes, he was required to allege facts showing that he is in imminent danger of serious physical injury. *Id*. The Magistrate Judge concluded that Smith's conclusory allegations were insufficient to meet this standard. *Id*. Smith filed two objections, which alleged new facts sufficient to demonstrate that he is in imminent danger of serious physical injury. Docs. 7; 8. Accordingly, the Court rejected the Recommendation and ordered Smith to recast his complaint. Doc. 9.

After reviewing Smith's amended complaint, the Magistrate Judge recommended that Smith's Eighth Amendment deliberate indifference to serious medical needs claims

against Defendants Sampson and Green proceed for further factual development but that Smith's claims against Defendants Mims and Banks be dismissed without prejudice.  Doc. 13.  Specifically, the Magistrate Judge found that while Smith had alleged sufficient facts to demonstrate that Sampson and Green "knew, or should have known, that understaffing was resulting in a lack of medical care," Smith had not alleged facts showing that Mims and Banks were aware of the understaffing problems.  *Id*. at 11-12.  Smith objected to the Recommendation.  Doc. 19.  In the objection, Smith states that "Mims and Banks called [him] to the security office where … [they] informed [him] that he filed a grievance alleging lack of staff and medical denial.  They yelled at [him] to stop filing grievances.  [Smith] then informed them that he has seizures and when an officer is needed there are no officer [sic]."  *Id*. at 2.

The Court has discretion to consider new facts and arguments raised for the first time in an objection.  *See Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009).  Considering Smith's newly raised facts and arguments, the Court finds that Smith has alleged sufficient facts showing that Mims and Banks knew, or should have known, that the lack of staff resulted in deliberate indifference to his serious medical needs.  *See Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Accordingly, Smith is **ORDERED** to recast his complaint to assert the factual allegations raised in his objection (Doc. 19) and shall recast his complaint within **FOURTEEN DAYS** of the date of this order.  Because Smith's recast complaint will supersede the original, the Recommendation (Doc. 13) is **REJECTED.**

However, Smith is reminded that while leave to amend should be "freely give[n]" the Court need not allow an amendment where there has been "repeated failure to cure

deficiencies by amendments previously allowed." Fed. R. Civ. P. 15(a)(2); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In order to allow the plaintiff an opportunity to fully set forth his claims and contentions against the named defendants, the Court will allow the plaintiff to file one recast complaint. When doing so, the plaintiff must follow these instructions. The plaintiff must file one amended complaint that will take the place of his previously filed complaint and any amendments or objections. The Court will not refer to the previous complaint, amendments, or objections to determine if the plaintiff has stated a claim. This one complaint should be no longer than **TEN** pages. The plaintiff must write legibly. If the Court cannot read the complaint, it will be dismissed. The plaintiff may not include exhibits with his complaint.

The plaintiff must list each defendant he wishes to sue in the heading of his complaint. In the body of the complaint, the plaintiff must again list the name of each defendant and tell the Court **EXACTLY** what that person did or did not do that violated the plaintiff's constitutional or federal statutory rights and **EXACTLY** when the action or inaction occurred. If the plaintiff fails to link a claim to a defendant, that claim will be dismissed.

The plaintiff may not join unrelated claims and defendants in a single action. The plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence,

or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).  For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

When filing the complaint, the plaintiff should keep in mind that "[a]s a general matter, fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  The Court has no way of identifying, much less serving process on, John Doe defendants.  The plaintiff must provide the defendants' names or, at the absolute least, provide specific descriptions that would allow the defendants to be identified and served.

In conclusion, the Report and Recommendation (Doc. 13) is **REJECTED**. Accordingly, Smith is **ORDERED** to recast his complaint to assert the factual allegations raised in his objection (Doc. 19) and shall recast his complaint within **FOURTEEN DAYS** of the date of this order.  If Smith fails to file a recast complaint, or fails to follow the instructions in this Order, his action will be dismissed without prejudice.

It is **DIRECTED** that the Clerk of Court forward to the plaintiff a standard §1983 form with the civil action number on it along with a copy of this Order.  The plaintiff must notify the Court immediately of any change of address.  If he fails to do so, his action may be dismissed.

-5-

**SO ORDERED**, this 26th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
