IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAWRENCE R. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-170 (MTT) |
| | ) |
| Warden GREGORY SAMPSON, et. al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion for summary judgment (Doc. 53) and denying plaintiff Lawerence Smith's motion for summary judgment (Doc. 55).  Doc. 84.  Smith objected.  Doc. 86.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Smith objects.

Smith, who has a medical condition that causes seizures, claims the defendants violated the Eighth Amendment by failing to provide adequate staffing and sleeping conditions to accommodate his medical needs.  Doc. 1 at 4-9.  Smith raises two arguments in his objection.

First, Smith objects to the Magistrate Judge's determination that he failed to exhaust his administrative remedies prior to filing his complaint against defendant Green.  Doc. 86 at 4.  The Magistrate Judge concluded that Smith could not have exhausted his administrative remedies before he filed his original complaint on April 29, 2022, because the defendant did not have an opportunity to respond to the grievance.

Docs. 1 at 3-4; 84 at 10.  The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring an action "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In *Miller v. Tanner*, the Eleventh Circuit specified that the PLRA's language requires inmates to "comply with the grievance procedures established by the state department of corrections *before* filing a federal lawsuit under section 1983."  196 F.3d 1190 (11th Cir. 1999) (emphasis added).  The Georgia Department of Correction's Standard Operating Procedure gives the warden 40 days to respond to a grievance and provides for an appeal process after an inmate receives the response.  Doc. 53-9 at 15.  Smith's original complaint was filed 25 days after his grievance.  *Id.*  Thus, the Magistrate Judge properly found that Smith failed to exhaust his administrative remedies because he filed his complaint before the warden's time to respond had expired.  Doc. 84 at 13.

Smith argues that even if the PLRA's exhaustion requirement was not met at the time of filing, any defect was cured when he filed a supplemental complaint on November 22, 2022.[1]  *Id.* at 4.  But, as the Eleventh Circuit stated in *Harris v. Garner*, "[n]o amendment or supplement to a pleading can change a historical fact."  2016 F.3d 970, 981 (11th Cir. 2000).  In *Harris*, the court held that an action is "brought" under the PLRA when the plaintiff files its original complaint.  *Id.* at 974.  Therefore, the court looks only to the original complaint to determine whether the substantive requirements of the PLRA have been met.  *Id.* at 983.  Here, Smith had not exhausted his remedies

---

[1] Smith did not raise this argument with the Magistrate Judge and, thus, the Court does not have to consider it.  See *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  But, as explained, it fails on the merits as well.

when he filed his original complaint, and his supplemental complaint cannot cure that defect.

In his objection, Smith relies on *Ramirez v. Collier* to support the proposition that a defect in a complaint can be cured by a supplemental complaint. Doc. 86 at 6; 595 U.S. 411 (2022). Smith correctly quotes dicta in *Ramirez* noting that a defect in a complaint was "arguably" cured by an amended complaint. *Ramirez*, 595 U.S. at 423. But the Court expressly declined to answer the question, stating "we need not definitively resolve the issue as respondents failed to raise it below." *Id.* at 423. As such, *Ramirez* is not controlling on the issue[2] and under *Harris*, Smith failed to exhaust his administrative remedies.

Second, Smith contends that the Magistrate Judge improperly relied on corrected declarations (Doc. 67) and, thus, the Magistrate Judge improperly concluded that defendants Sampson, Mimms, and Banks are entitled to qualified immunity. Doc. 86 at 7-9. Smith claims that he did not have an opportunity to respond to the declarations, which resulted in a violation of his due process rights. *Id.* at 9. But Smith had ample opportunity to respond to the defendants' corrected declarations. The defendants filed their corrected declarations on December 22, 2023. Doc. 67. The recommendation

---

[2] The Court recognizes that dicta from the United States Supreme Court must be given deference. *See Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) ("We have previously recognized that 'dicta from the supreme court is not something to be lightly cast aside.'") (quoting *Peterson v. BMI refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997)). However, in *Ramirez*, the Court merely raised an issue that the parties did not address and expressly declined to provide an answer. *Ramirez*, 595 U.S. at 423. This is insufficient to overrule Eleventh Circuit precedent that squarely addresses the issue. *See Garret v. Univ. of Al. at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."); *see also McLaurin v. Otero*, 2022 WL 307917 at *10 (W.D. Conn. August 2022) (finding that *Ramirez* is not controlling to determine whether a supplemental complaint cures a pleading defect under the PLRA).

was entered seven months later on July 12, 2024.  Doc. 84.  During the seven months after the corrected declarations were filed, Smith was given leave to file exhibits in support of his motion for summary judgment and he filed motions on evidentiary matters.  Docs. 65; 72.  Smith could have responded to the corrected declarations but chose not to do so.

Nonetheless, Smith's claims fail even without considering the defendants' corrected declarations.  As the Magistrate Judge stated, Smith has not presented evidence that the defendants had the requisite knowledge to be deliberately indifferent to Smith's seizure disorder.   Doc. 84 at 17.  In fact, the record is devoid of any evidence that the defendants were informed of Smith's medical needs before Smith filed this lawsuit.  *Id.* at 18.  Thus, Smith has not shown that he is entitled to relief under the Eighth Amendment.  Because Smith has failed to show a constitutional violation, defendants Sampson, Mimms, and Banks are entitled to qualified immunity.  *See Underwood v. City of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2007).

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 84) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion for summary judgment (Doc. 53) is **GRANTED** and Smith's motion for summary judgment (Doc. 55) is **DENIED**.

**SO ORDERED**, this 20th day of August, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
