# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LAWRENCE R. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-170 (MTT) |
| Warden GREGORY SAMPSON, *et. al.* | ) |
| Defendant. | ) |

# ORDER

Plaintiff Lawrence Smith moves the Court for reconsideration of its Order (Doc. 88) and Judgment (Doc. 89) entered for the defendants Green, Sampson, Mimms, and Banks.  Doc. 134.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

-2-

Smith raises two arguments regarding the Court's determination that he failed to exhaust his claim against Green: 1) the Court improperly concluded that he waived his right to argue that his supplemental complaint cured his exhaustion, and 2) the Court did not apply the proper authority when analyzing whether he had exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"). Doc. 92 at 2, 5. Smith does not object to the Court's conclusion that Sampson, Mimms, and Banks are entitled to qualified immunity.

First, Smith is correct that, in his response to the defendants' statement of material facts, he alleged "[h]owever, Plaintiff's supplemental complaint cures the exhaustion issues." Doc. 66 at ¶ 46. Thus, he did not waive that argument, but the Court's ruling did not turn on waiver. Rather, the Court considered Smith's argument that his supplemental complaint cured his failure to exhaust and denied it on the merits. Doc. 88 at 2.

Second, Smith argues that the Court should have analyzed whether his supplemental complaint cured his exhaustion issues under *Jones v. Bock,* 549 U.S. 199 (2007), rather than relying on Eleventh Circuit precedent. Doc. 92 at 5. In *Jones*, the Supreme Court discussed the applicability of the Federal Rules of Civil Procedure to the pleading requirements of the PLRA and stated that "courts should generally not depart from the usual practice under the Federal Rules of Civil Procedure on the basis of perceived policy concerns." 549 U.S. at 212. The Ninth Circuit in *Jackson v. Fong,* 870 F.3d 928, 935 (9th Cir. 2017), relied on *Jones* to conclude that Fed. R. Civ. P. 15(d) allows exhaustion issues to be cured by an amended complaint. Smith argues that the Court should follow the Ninth Circuit's approach in *Jackson*. Doc. 92 at 5.

Smith has not shown a clear error of law by the Court. First, while the Supreme Court's decision in *Jones* is binding on the Court, *Jones* does not support Smith's conclusion. *Jones*, 549 U.S. at 216. While *Jones* emphasized the deference owed to the Federal Rules of Civil Procedure, the Court did not address whether a supplemental complaint can cure exhaustion issues. *Id.* Further, *Jackson* is not binding on the Court, and the Eleventh Circuit held in *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000), that post-filing facts alleged in a supplemental complaint cannot satisfy PLRA requirements that must be met before a claim is brought. *Harris* addressed Fed. R. Civ. P. 15(d) and concluded that while Rule 15(d) allows a party to supplement a defective pleading, "that rule does not and cannot overrule a substantive requirement or restriction contained in a statute." *Id.* at 983; *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."). The Court is bound by the Eleventh Circuit's decision in *Harris*. Smith has shown no clear error of law.

Because Smith has failed to show that the Court made a clear error in its previous Order and Judgment (Docs. 88; 89), his motion for reconsideration (Doc. 92) is **DENIED**.

**SO ORDERED**, this 24th day of September, 2024.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT