IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAWRENCE SMITH, | : |
|        Plaintiff, | : |
| vs. | : NO. 5:22-cv-170-MTT-CHW |
| Warden GREGORY SAMPSON; *et al.*, | : |
|        Defendants. | : |

## ORDER

Plaintiff Lawrence Smith, a prisoner incarcerated in Phillips State Prison in Buford, Georgia, moves to proceed *in forma pauperis* on appeal. ECF No. 96. Smith seeks to appeal (1) the Order entered on August 20, 2024 (ECF No. 88) in which the Court adopted the United States Magistrate Judge's Recommendation (ECF No. 84) granting the defendants' motion for summary judgment (ECF No. 53) and denying plaintiff Lawerence Smith's motion for summary judgment (ECF No. 55), and (2) the Court's September 24, 2024 Order (ECF No. 93) denying Smith's motion for reconsideration (ECF No. 92).

Smith alleges that he is "indigent and cannot afford to pay the filing fee[]" but failed to file an updated copy of his prisoner trust fund account. See Fed. R. App. P. 24(a)(1)(A) (requiring an affidavit that shows the plaintiff's "inability to pay"); 28 U.S.C. § 1915(a)(1) (requiring that a prisoner who moves to proceed *in forma pauperis* attach "an affidavit that includes a statement of all assets such prisoner possesses"). When Smith filed his original complaint in May 2022, he submitted a certified copy of his trust fund account statement,

and it showed that he had no funds. ECF No. 5. A review of the "Payment Receipt History" on the Georgia Department of Corrections' website, shows that the last funds deposited into Smith's prisoner trust fund account was $50.00 on December 16, 2009. https://services.gdc.ga.gov/paymentinfo/jsp/paymentinfo.jsp (last visited Oct. 21, 2024). Thus, the Court assumes that Smith is unable to pay the $605.00 filing fee required for an appeal. Smith's motion to proceed *in forma pauperis* is, however, **DENIED** for the reasons explained below.

## THREE STRIKES UNDER 28 U.S.C. § 1915(g)

At the time Smith filed his notice of appeal (ECF No. 95), he had accrued more than three-strikes under 28 U.S.C. § 1915(g) and he does not allege that he currently is in imminent danger of serious physical injury. Federal law bars a prisoner from "bring[ing] a civil action or appeal[ing] a judgment in a civil action" *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses the prisoner's federal lawsuit or appeal on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. *Id.*

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that at the time Smith filed his

appeal, he had filed at least three federal lawsuits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Smith v. Perdue*, No. 1:05-cv-3213-CAP, ECF No. 4 (N.D. Ga. Feb. 15, 2006) (order dismissing action as frivolous); *Smith v. Internal Revenue Service*, No. 5:05-cv-65-WTM, ECF No. 7 (S.D. Ga. Oct. 17, 2005) (order dismissing action for failure to state a claim) and ECF No. 13 (S.D. Ga. March 16, 2006) (showing that Eleventh Circuit dismissed the appeal as frivolous); *Smith v. Donald*, No. 5:05-cv-45-WTM, ECF No. 12 (S.D. Ga. Nov. 22, 2005) (order dismissing action for failure to state a claim). Because of this, Plaintiff may not proceed *in forma pauperis* on appeal unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193.

Plaintiff filed his original complaint on April 29, 2022 while he was incarcerated in Central State Prison in Macon, Georgia. ECF No. 1 at 1, 6. The United States Magistrate Judge found that Smith had at least three strikes under 28 U.S.C. § 1915(g) and he had not alleged sufficient facts to show an imminent danger of serious physical injury. ECF No. 6. The Magistrate Judge, therefore, recommended that Smith's motion to proceed *in forma pauperis* be denied and the action be dismissed without prejudice. *Id*. Plaintiff filed two objections, in which he alleged additional facts regarding the imminent danger of serious physical injury that he faced at Central State Prison. ECF No. 7; ECF No. 8. Specifically, he alleged that the lack of staff at Central State Prison resulted in his inability to timely receive medication to prevent his life-threatening seizures and to timely receive treatment once he suffers a seizure. ECF No. 7 at 2-4. Considering these additional facts, the Court, in an order dated December 22, 2022, determined that Smith sufficiently alleged

he was in imminent danger of serious physical injury and allowed Smith to proceed *in forma pauperis*. ECF No. 13. In a letter dated March 29, 2023, Smith notified the Court that he was transferred to Phillips State Prison in Buford, Georgia. ECF No. 44.

It appears that a prisoner's three-strikes status must be determined at the time the prisoner files his or her notice of appeal. *See generally Harris v. Garner,* 216 F.3d 970, 975 (11th Cir. 2000) (en banc) (citations omitted) (stating that "[t]he words 'bring a civil action or appeal' in section 1915(g) have been held to mean the filing of a suit or appeal, not its continuation"); *Medberry*, 185 F.3d at 1193 (citations omitted) (agreeing with Fifth and Eighth Circuits that an allegation the prisoner faced imminent danger in the past is insufficient; what matters is whether he is under imminent danger at the time of filing); *Dollar v. Coweta Cnty. Sheriff Off.*, 510 F. App'x 897, 900 (11th Cir. 2013) (per curiam) (stating that "[o]ur published decisions have consistently looked at the time of filing when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis*."); *Williams v. Paramo*, 775 F.3d 1182, 1187, 1192-93 (9th Cir. 2015) (holding that "a court of appeals may require a three-strike prisoner seeking forma pauperis status to show an imminent danger at the time the notice of appeal is filed" and noting that three other circuit courts (the Third, Fifth, and Eighth) have reached similar conclusions); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam) (holding that three-strikes litigant must allege imminent danger existed at the time he "seeks to file his complaint or notice of appeal [*in forma pauperis*]" because § 1915(g) "clearly refers to the time when the action or appeal is filed or the motion for [*in forma pauperis*] status is made").

Smith is no longer incarcerated in Central State Prison. ECF No. 44. His

allegations of imminent danger at the time he filed his complaint stemmed from Smith's inability to timely obtain his medication and necessary medical care for his seizures due to the staffing shortages at Central State Prison.  ECF No. 7; ECF No. 8.  In his motion to proceed *in forma pauperis* on appeal, Smith makes no allegations of continued imminent danger of serious physical injury.  ECF No. 96.

Because Plaintiff has had more than three complaints and/or appeals dismissed as frivolous, malicious, or for failure to state a claim and has made no showing of imminent danger of serious physical injury at the time he filed his notice of appeal, his motion to proceed *in forma pauperis* on appeal (ECF No. 96) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee.

## LACK OF GOOD FAITH BASIS FOR APPEAL

Even if Smith alleged imminent danger of serious physical injury, he has not shown a good faith basis for his appeal.  Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. As stated above, the Court assumes that Smith is unable to pay the $605.00 filing fee.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in *forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*,

939 F.2d at 925 (citations omitted).

The Court granted summary judgment for defendants after finding that Smith failed to exhaust administrative remedies prior to filing his original complaint against defendant Green and defendants Sampson, Mimms, and Banks were entitled to qualified immunity. ECF No. 88.  Smith moved for the Court to reconsider its decision regarding defendant Green, arguing again that his failure to exhaust administrative remedies against Green prior to filing his original complaint was cured when he filed his amended complaint.[1]  ECF No. 92.  The Court denied the motion, finding that under *Harris,* 216 F.3d at 981, post-filing facts alleged in a supplemental complaint cannot satisfy the Prison Litigation Reform Act's exhaustion requirement, which must be met before a claim is brought.   ECF No. 93.

In his motion to appeal *in forma pauperis*, Smith does not take issue with the Court's decision that defendants Sampson, Mimms, and Banks are entitled to qualified immunity. Additionally, Smith does not dispute that he failed to exhaust administrative remedies against defendant Green before filing his original complaint.  Instead, he states that the issues he seeks "to bring on appeal [are] whether in light of *Ramirez v. Collier*[, 595 U.S. 411 (2022)] . . . a supplemental complaint cured an exhaustion defense . . . and whether the decision of *Harris v. Garner* needs to be revisited in light of the dicta . . . in *Ramirez*." ECF No. 96 at 2.  Smith alleges these "issues are of first impression in the Eleventh Circuit." *Id*.

*Ramirez* was decided on March 24, 2022.  595 U.S. at 411.  On September 13,

---

[1] Smith did not move for reconsideration of the decision that defendants Sampson, Mimms, and Banks were entitled to qualified immunity.

2022, the Circuit disagreed with the argument that "*Harris* is no longer valid caselaw," and held that it "constitutes binding prior precedent, decided by our Court sitting en banc, and neither the Supreme Court nor our en banc Court has overturned or abrogated it, so we are bound to apply it."  *McDowell v. Fnu Bowman*, No. 21-10840, 2022 WL 4140331, at *2 (11th Cir. Sept. 13, 2022).   Thus, the Circuit has already considered the validity of *Harris* post-*Ramirez*.   Smith, therefore, has not shown a good faith basis for his appeal and his motion to proceed *in forma pauperis* on appeal (ECF No. 96) is **DENIED**.

**SO ORDERED**, this 23rd day of October, 2024.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT